JEROME F. FRY, Respondent, v. THE MISSOURI GUARANTEE SAVINGS AND BUILDING ASSOCIATION, Appellant.

| | |
|---|---|
| 88 | 289 |
| 92 | 489 |
| 88 | 289 |
| 98 | 386 |
| 175s | 270 |

**Kansas City Court of Appeals, April 1, 1901.**

**Building and Loan Association: USURY: COMPETITIVE BIDDING: PREMIUM.** The protection of the statute is withdrawn from a building and loan association when the premium charged for the loan is not the result of open competitive bidding, and the transaction becomes a usurious loan.

Appeal from Gentry Circuit Court.—*Hon. Gallatin Craig,* Judge.

AFFIRMED.

*James Hayward* and *Morton Jourdon* for appellant.

(1) The loan to plaintiff was not usurious because made to him in strict compliance with the statute of Missouri. R. S. 1889, sec. 2812; Laws 1895, p. 108, secs. 7 and 9; Brown

Vol 88 app—19

v. Archer, 62 Mo. App. 290; Hughes v. Ass'n. (Tenn.), 46 S. W. Rep. 362; Eng. & Tr. Co. v. Donovan, 147 Mo. 622. (2) The alleged by-law fixing the minimum premium was *ultra vires,* of no legal effect, should not have been admitted in evidence and can not prejudice plaintiff. Bertche v. L. & I. Co., 147 Mo. 343. (3) Plaintiff can claim no usury or prejudice because his bid was in excess of the premium therein attempted to be fixed. Loan Co. v. Shain, 77 N. W. Rep. 1006; Thornton & Blackledge on Law of B. & L. Ass'n, sec. 229; Albright v. B. & L. Ass'n, 102 Pa. St. 411. (4) The debt was not due, and plaintiff was therefore not entitled to an accounting. Brown v. Archer, 62 Mo. App. 291; Fisher v. Patton, 134 Mo. 32. He was not entitled to an accounting, for his stock had not matured. Bertche v. B. and L. Ass'n, 147 Mo. 343; Sweeney v. B. and L. Ass'n (Tex.), 26 S. W. Rep. 292; Abbott v. B. and L. Ass'n, 85 Tex. 220; Laws 1895, p. 111, sec. 15.

*Aleshire & Benson* for respondent.

Cited and committed on the following authorities. The first contention made is that the loan was made in compliance with the Statutes of Missouri. R. S. 1889, sec. 2812. Brown v. Archer, 62 Mo. App. 290; Hughes v. Ass'n (Tenn.), 46 S. W. Rep. 362; Eng. & T. Co. v. Donavan, 147 Mo. 622; Moore v. B. & L. Ass'n, 74 Mo. App. 468; Price v. L. Ass'n, 75 Mo. App. 551; Sappington v. Loan Co., 76 Mo. App. 242; Bertche v. L. & I. Co., 147 Mo. 343; Fisher v. Patton, 134 Mo. 32; Tracy v. Iron Works, 104 Mo. 199; Hoppe v. Saylor, 53 Mo. App. 4; Ingalls v. Averitt, 34 Mo. App. 371; Cummings v. Hurd, 49 Mo. App. 139; Sharp v. Knox, 48 Mo. App. 169; Nowack v. Berger, 133 Mo. 37; Darrier v. Darrier, 58 Mo. 222; Barrett v. Davis, 104 Mo. 549; Davis v. Kline, 96 Mo. 407.

ELLISON, J.—Plaintiff became a member of the defendant building and loan association in September, 1891, and at that time borrowed of such association one thousand dollars. He pledged his certificate of stock for that sum and for further security executed a deed of trust on certain of his real property. He promised to pay such principal sum and interest in monthly installments, viz.: $5 for monthly dues, $6 for interest, and $4 for premium for preference in obtaining said loan. He made these payments monthly up to and including the greater part of the year 1899, when he brought the present action for an accounting, alleging that he had paid the whole sum promised with legal interest and charging that a part of the sums aforesaid were usury under the guise of premium and interest, and asking a cancellation of the trust deed.

We have so frequently, in the recent past, had occasion to deal with the questions presented in this case that it is altogether unnecessary to go into them again. Suffice it to say that the amount charged here, premium $4 per month and interest $6 per month, combined, make much more than a legal rate of interest. Associations like defendant may properly exact more than a legal rate by requiring a premium to be paid for a preference in obtaining the loan, provided it be done as required by statute, viz.: by open competitive bids. If not so done the protection of the statute is withdrawn and the transaction becomes an ordinary usurious loan.

In this case the evidence tended to show that there was not the open competitive bidding for preference for the loan. Indeed, the evidence shows that the sums to be paid were made a matter of agreement before the loan was made or a bid pretended to be made. The so-called bidding was merely a form carrying out the prior agreement. It was further shown that one of defendant's by-laws fixed a minimum premium, below which bids would be refused, *and that minimum was the*

*amount bid by plaintiff.* The court found the facts against defendant and was justified in so doing. The court further found that the debt with legal interest had been paid and gave judgment for plaintiff as asked.

As stated above, we have of late so often been over the ground covered by this case that it is not necessary to do more than refer to the cases cited in plaintiff's brief and the numerous other cases since this appeal was taken.

An examination of the whole record has satisfied us that we have no just cause to disturb the judgment and it is therefore affirmed. All concur.